420 So.2d 599 (1982)
The FLORIDA BAR, Complainant,
v.
Barry SCHREIBER, Respondent.
No. 59946.
Supreme Court of Florida.
October 21, 1982.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel, Tallahassee, Paul A. Gross, Bar Counsel, Miami, and Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for complainant.
Burton Young and Glen Rafkin of Young, Stern & Tannenbaum, North Miami Beach, for respondent.
Christopher H. Marine, Gainesville, as amicus curiae.

ON MOTION FOR EXTRAORDINARY RECONSIDERATION
OVERTON, Justice:
This cause, concerning direct-mail advertising by lawyers, is before the Court upon respondent Schreiber's motion for extraordinary reconsideration. Respondent asserts that our opinion in this matter, The Florida Bar v. Schreiber, 407 So.2d 595 (Fla. 1981), should be vacated in light of the United States Supreme Court's subsequently-filed decision in In re R.M.J., ___ U.S. ___, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). The Florida Bar, as complainant, joins respondent, agreeing that the instant cause is controlled by In re R.M.J. The bar requests guidance in matters of lawyer direct-mail solicitation.
We grant the motion, withdraw our opinion dated October 22, 1981, and affirm the referee's dismissal of the cause. We direct The Florida Bar to submit proposed rules on or before February 1, 1983, for the regulation of lawyer direct-mail advertising which are reasonable and necessary to protect the public interests and which conform to the dictates of In re R.M.J. It is so ordered.
ADKINS, BOYD, and OVERTON, JJ., concur.
EHRLICH, J., concurs with an opinion.
McDONALD, J., dissents with an opinion with which ALDERMAN, C.J., concurs.
NO MOTION FOR REHEARING WILL BE ALLOWED.
EHRLICH, Justice, concurring.
I concur in the judgment of the Court and join in the Court's opinion with great reluctance and much sadness. My reluctance stems from the fact that I find it difficult not to stand by the original opinion in this case of former Chief Justice Sundberg which shall remain as a beacon of what the law is, in the opinion of some, or what it ought to be, in the opinion of others. My sadness emanates from my realization that we are leaving an era of professionalism in the practice of law which has well served our profession and the public most of this century, and are now embarked on a course of continued commercialization of the legal profession under the guise of first amendment rights, mandated by the highest court in this land, where direct mail solicitation apparently cannot be proscribed. We are told, however, that it can be regulated by the state in fulfillment of the state's obligation to uphold professional standards for the protection of its citizens. *600 I am certain that this Court will lend its every effort to this endeavor, to the end that the public be fully protected, that the practice of law not become a commercial enterprise, and that professionalism may yet survive.
McDONALD, Justice, dissenting.
Try as I may, I cannot reconcile myself to believing that our decision in this cause should be disturbed because of the subsequent pronouncement in In re R.M.J., ___ U.S. ___, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). First of all, our opinion was final. But more importantly, I look at R.M.J. in a more restricted light than do The Florida Bar and my colleagues. I recognize that R.M.J. prohibits restrictive limitations on the audience to whom a lawyer may direct announcements and probably prevents a prohibition against the use of mail for advertising. But a direct mail solicitation to a particular person, group, or class of persons seeking employment of the lawyer is different. Again I reiterate what Justice Sundberg said in our original opinion, that solicitation and advertising are not synonymous. While advertising may not be prohibited,[1] solicitation can be.[2]
This might be considered a solicitation case. The letter mailed in this instance was an invitation directed to a particular organization to employ the letter writer in any immigration problems that might arise. While that is not as egregious as a lawyer seeking representation in a particular case, it could be considered more than simple advertising.[3] Disciplinary Rule 2-103(A) still has applicability in some instances. It is still alive as it relates to solicitation. Our original opinion should stand.
ALDERMAN, C.J., concurs.
NOTES
[1] Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977).
[2] Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 98 S.Ct. 1925, 56 L.Ed.2d 444 (1978).
[3] I say could because it must be remembered that the matter was here on a motion to dismiss and no fact-finding hearing has been held.