# WENDIMERE VILLAS PHASE I CONDOMINIUM ASSOCIATION, INC. v GEISLER

Case No. CL 89-9532 AJ

Fifteenth Judicial Circuit, Palm Beach County

May 25, 1990

## APPEARANCES OF COUNSEL

**John L. Avery, Jr., Esquire,** for plaintiff.
**John Clapper, III, Esquire,** for defendant.

## OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

### *JUDGMENT FOR PLAINTIFF*

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

This case came before the court on plaintiff's complaint to foreclose a lien for unpaid condominium assessments. The case was tried on

May 4, 1990 on the issue of entitlement and amount of attorney's fees. The court received testimony, evidence, arguments of counsel and proposed orders in support of each party's position.

This case presents a sad scenario to the court for resolution. The defendant's attorney nas accused the plaintiff's attorney of lying to the plaintiff and to the court. The plaintiff's attorney believes that the defendant's attorneys are attempting to "strongarm" him and his client. Hopefully there is merely a communication problem among counsel.

The resolution of this case rests upon the court's evaluation of the credibility of the witnesses. In weighing the credibility of a witness, and the weight to be given his/her testimony, the court must consider the criteria outlined in the standard jury instruction: the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; the interest, if any, the witness has in the outcome of the case; the means and opportunity the witness had to know the facts about which he/she testified; the ability of the witness to remember the matters about which he/she testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of experience and common sense.

In determining the credibility of expert testimony, the court may accept the opinion testimony, reject it, or give it the weight the court thinks it deserves, considering the knowledge, skill, experience, training and education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

The court finds the testimony of W. Jay Hunston, Jr., expert witness for the plaintiff, to be persuasive and worthy of belief. The documentary evidence supports the testimony of John Avery that the defendant never offered in October, 1989 the full amount due on unpaid assessments, fees, and costs.

The court ORDERS AND ADJUDGES as follows:

1. The plaintiff is a condominium association located in Palm Beach County, Florida; John Geisler is a condominium owner and member of the association.

2. The association foreclosed a lien for unpaid assessments, costs and attorney's fees pursuant to Section 718.116, Florida Statutes (1989).

3. On February 12, 1990, the court entered a partial summary judgment in favor of the association for $645.00 in unpaid assessments. The court reserved jurisdiction for the taxation of costs and attorney's fees. According to counsel, the $645.00 judgment has been paid.

208

4. Geisler does not claim that the October offer complied with either statute regarding offer of settlement or offer of judgment, or with the appropriate rule of civil procedure. The amount of money offered by the defendant was less than the amount due the association at the time the offer was made.

5. The association agreed to pay its attorney $200.00 per hour. Taxable costs total $161.74.

6. At the time of the hearing, the association owed 11.0 hours at $200.00 per hour for Avery and 27.25 hours at $125.00 per hour for his associate. Each attorney spent an additional 2.5 hours through trial.

7. Hunston testified that $200.00 per hour for Avery and $125.00 per hour for his associates were reasonably hourly fees, and that the hours expended by both were reasonable. He testified that a fee of $5,730 was reasonable for the services rendered pre-trial.

8. The defendant offered no expert testimony on the total value of the services provided by plaintiff's counsel. Defendant's expert testified that in October, 1989 the services of plaintiff's counsel were worth less than $500.00.

9. Because the association agreed unconditionally to pay its attorney's fee regardless of the outcome of the case, it has an interest in the attempt to recover its attorney's fees. Fees expended, therefore, to recover attorney's fees are themselves recoverable. *B & L Motors, Inc. v Bignotti*, 427 So.2d 1070 (Fla. 2d DCA 1983).

10. The court finds that the number of hours expended by plaintiff's counsel is reasonable as are the hourly rates.

11. Wendimere Villas Phase I Condominium Association, Inc. shall recover from John Geisler the sum of 4d6,418.75 as reasonable attorney's fees plus taxable costs in the sum of $161.74 for a total of $6,580.49 for all of which let execution issue.

12. The court retains jurisdiction to enter a judgment of foreclosure if necessary, as well as any other orders necessary and appropriate.

DONE AND ORDERED this 25th day of May, 1990 in chambers at West Palm Beach, Palm Beach County, Florida.