SALTER, J.
 

 Lorillard Tobacco Company appeals a final circuit court order awarding over five years of statutory prejudgment interest to the attorneys for a plaintiff, appellee Lynn French, on an award of attorney’s fees and
 
 *787
 
 costs.
 
 [1]
 
 That award was entered because the plaintiff had made a qualifying offer of judgment and proposal for settlement pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2000). Finding that plaintiffs counsel became “entitled” to the fees and costs as of the date the plaintiff obtained a judgment substantially higher than 125% of her written settlement offer, we affirm.
 

 The Offer
 

 The plaintiff was one of several thousand flight attendants who sued tobacco companies for second-hand exposure to smoke. On November 13, 2000, Ms. French’s attorney tendered an offer of judgment to settle her claim for $2,676. Lorillard did not accept the offer.
 

 At trial of the case in 2002, a jury awarded Ms. French $5,500,000. On September 24, 2002, the court granted a motion for remittitur and entered an amended final judgment in the amount of $500,000. Lorillard’s appeal to this Court and petition for review by the Supreme Court of Florida were unsuccessful,
 
 [2]
 
 and Lorillard then paid the amended judgment.
 

 Meanwhile, the plaintiff moved for an award of her attorney’s fees and costs incurred after the offer of judgment was made, together with prejudgment interest on that amount commencing from the date of entry of the amended final judgment. Lorillard argued that prejudgment interest did not commence until the trial court entered an order disallowing Lorillard’s objections to the validity of the offer of judgment and the plaintiffs good faith (or lack thereof) in making the offer.
 

 For reasons that are not apparent from the record, the parties did not obtain a trial court order disallowing Lorillard’s objections to an award of attorney’s fees and costs until April 2007. Lorillard did not appeal that order, and it paid the attorney’s fees and costs to plaintiffs counsel, but Lorillard reserved the right to dispute the remaining claim for prejudgment interest on the amount of those attorney’s fees and costs. In March 2008, the trial court ruled that prejudgment interest began accruing upon the entry of the amended final judgment in 2002 rather than the entry of the order in 2007 overruling Lorillard’s objections to an award of attorney’s fees and costs. This appeal followed.
 

 The Rule and Statute Fix the Date a Party Is “Entitled” to Fees
 

 The Florida Supreme Court and this Court have regularly held that prejudgment interest begins to accrue on “the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination.”
 
 Butler v. Yusem,
 
 3 So.3d 1185 (Fla.2009) (quoting
 
 Quality Engineered Installation, Inc. v. Higley S. Inc.,
 
 670 So.2d 929, 930-31 (Fla. 1996));
 
 Cincinnati Equitable Ins. Co. v. Haunt,
 
 933 So.2d 1233 (Fla. 3d DCA 2006). The addition of prejudgment interest is appropriate because the sums of fees and costs are fixed amounts incurred at or before a certain date, the computation is simply a matter of arithmetic, and the statutory interest merely compensates a party for loss of use of the money.
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212 (Fla.1985).
 

 Lorillard relies primarily upon
 
 Hilb, Ro-gal & Hamilton Co. of Fort Myers v. TB &
 
 
 *788
 

 Associates, Inc.,
 
 742 So.2d 256, 257 (Fla. 2d DCA 1997), in support of its argument that prejudgment interest does not begin to accrue until “the entry of the judgment making the determination of the entitlement to such fees.” In that case, however, the accrual date used by the trial court was the date of a hearing on entitlement rather than the date the court signed the judgment (some six weeks later). The opinion acknowledges that the appellees conceded that the later date applied, and it does not appear that the appellees advanced the argument and analysis relied upon by French and the trial court in this case (i.e., that “entitlement” vests upon the occurrence of the two conditions, not upon the date of some later hearing or order).
 

 The language in the rule and statute on settlement offers is clear that when the qualifying conditions have occurred ((1) a written offer has been made in accordance with Rule 1.442 and “an applicable Florida law”, and (2) in the case of a plaintiff that is an offeror under section 768.79, the plaintiff “recovers a judgment in an amount at least 25 percent greater than the offer”), then the offeror is “entitled” to the award of attorney’s fees and costs. Rule 1.442(h)(1) merely grants a trial court the discretion to disallow such an award if it determines that “a proposal was not made in good faith.” The use of the word “disallow” again connotes that the entitlement vests when the qualifying conditions have occurred.
 

 In this case, the qualifying conditions occurred in 2002. The years of further pleadings and arguments about the validity, sufficiency, or good faith of the offer and offeror did not result in any finding of “disentitlement” or “disapproval.” If trial courts defer the accrual date for prejudgment interest until the date any issues pertaining to the validity or good faith of the offer are determined, that will incent the offerees/obligors to delay the day of resolution. Such a result is clearly contrary to both the spirit and the letter of the rule and the statute invoked in this case.
 

 Affirmed.
 

 [1]
 

 . The parties resolved the amount of attorney’s fees and costs to be paid to counsel for the plaintiff; the only legal issue determined in the order appealed to this Court is the accrual date for prejudgment interest.
 

 [2]
 

 . Philip Morris, Inc. v. French,
 
 897 So.2d 480 (Fla. 3d DCA 2004),
 
 review denied,
 
 918 So.2d 292 (Fla.2005).