[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15834
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-20484-BB

SARAH ALHASSID,
on her own behalf and on behalf of all
others similarly situated,

Plaintiff-Appellee,

SARAH DRENNEN,

Plaintiff,

versus

BANK OF AMERICA, N.A., et al.,

Defendants,

NATIONSTAR MORTGAGE LLC,
d.b.a. Champion Mortgage,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 16, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nationstar Mortgage LLC ("Nationstar") appeals from the district court's award of $447,446.88 in attorneys' fees and costs to Plaintiff-Appellee Sarah Alhassid under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("FDUTPA"), and its amendment of the award to include $15,090.85 in prejudgment interest. On appeal, Nationstar argues that: (1) the district court erred in determining that Alhassid was entitled to any attorneys' fees and costs, and in awarding an unreasonable amount of fees and costs; and (2) the district court abused its discretion by amending the judgment to include prejudgment interest. After careful review, we affirm.

I.

The essential facts are these. Alhassid filed the instant class action in February 2014, and Sarah Drennen became a co-plaintiff in August 2014. In the operative complaint, the plaintiffs alleged that they had mortgages owned and serviced by Bank of America, N.A. ("BOA") that were transferred to Nationstar, and that the servicers charged improper fees. Alhassid alleged that BOA placed her reverse mortgage in default for failure to pay flood insurance, but records showed she maintained the proper insurance coverage. Despite providing proof of insurance to resolve the issue, neither servicer updated the loan to reflect that the

2

insurance requirement was met.   Nationstar commenced a judicial foreclosure action in state court in January 2014 and charged Alhassid various fees, delinquent property taxes, and attorneys' fees.   Nationstar dismissed the foreclosure action six months later.   Alhassid raised six claims against Nationstar: three claims breach of contract for unnecessary fees and foreclosure proceedings (Counts I, II, and III); breach of the implied covenant of good faith and fair dealing (Count IV); violation of FDUTPA (Count V); and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (Count VI).   Counts I, III, IV, and VI were also brought on behalf of Drennen.   The plaintiffs brought Count IV against BOA.

In March 2015, the plaintiffs settled and dismissed Count IV against BOA, and the court ordered each party to bear its own fees and costs.   The plaintiffs were denied class certification in July 2015.   Drennen settled and dismissed her claims in October 2015, and the court ordered each party to bear its own fees and costs. The district court granted Alhassid summary judgment on all counts except Count IV, because it was duplicative of Counts I, II, and III.   Based on Alhassid's affidavit, the court found that she incurred $5,000 in actual damages because she agreed to pay her attorney, Maury Udell, $5,000 to defend against the foreclosure action.   Nationstar did not appeal the November 2015 final judgment that awarded actual and statutory damages, injunctive relief, and attorneys' fees and costs.

3

Alhassid moved for attorneys' fees and costs totaling $827,552.82. She provided sworn affidavits from her attorneys with time sheets detailing the work performed. A magistrate judge held a hearing on the motions, and recommended that the district court award Alhassid attorneys' fees and costs under FDUTPA. Upon determining that Alhassid was entitled to the award, the magistrate judge reduced the hourly rate recoverable for associates who worked on the case. She also determined that a 40% reduction in the number of hours submitted was appropriate to account for Alhassid's failed class action attempt, the settlements of BOA and Drennen, and duplicative or unrecoverable fees. Nationstar objected to the award calculation, but did not object to Alhassid's entitlement to fees and costs.

The district court adopted the magistrate judge's report and recommendation in part. The court approved the magistrate judge's recommended 40% reduction in hours, and applied an additional 5% reduction in hours to account for time spent defending the state foreclosure action. The district court declined to further reduce the award of fees and costs because of the protracted nature of the proceedings and because Alhassid's attorneys were largely successful in their efforts. The district court's final judgment for attorneys' fees and costs did not include or discuss prejudgment interest. On Alhassid's motion, the district court amended the final judgment to include prejudgment interest using Florida's statutory interest rate.

II.

We generally review the award of attorneys' fees for abuse of discretion. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (11th Cir.1997) (quotation omitted). "A district court's interpretation of a state statute is reviewed de novo." Mega Life & Health Ins. Co. v. Pieniozek, 516 F.3d 985, 989 (11th Cir. 2008).

"Under FDUTPA, the Florida Legislature has declared that deceptive or unfair methods of competition and practices in trade and commerce are unlawful." Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013). The statute provides that a prevailing party is entitled to reasonable attorneys' fees and costs in civil litigation arising from a violation of that act. Fla. Stat. § 501.2105(1). To recover attorneys' fees, the attorney for the prevailing party must submit a sworn affidavit regarding the time expended litigating a civil action involving a FDUTPA claim. See id. § 501.2105(2). The fees recoverable are those devoted to the entire action, not merely the FDUTPA claim, "unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501." Diamond Aircraft, 107 So. 3d at 370 (quotation and

5

emphasis omitted).  Assessing attorneys' fees under FDUTPA for other portions of the litigation would be inappropriate "if either (1) counsel admits that the other services provided in that action were unrelated to the FDUTPA claim, or (2) a party establishes that the services related to non-FDUTPA claims were clearly beyond the scope of a 501 proceeding." Id. (quotation omitted).

Generally, what constitutes a reasonable attorney's fee is calculated using the "lodestar" method, taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).[1]   The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  To meet that burden, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Id.

In ascertaining the number of hours reasonably expended on the litigation, the district court should exclude any "excessive, redundant, or otherwise unnecessary" hours from the amount claimed. Id. at 1301 (quotation omitted). Thus, the district court may, in its discretion, exclude work performed on unrelated

---

[1]     Florida courts use the federal lodestar method to determine appropriate attorneys' fees. See Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150-1151 (Fla.1985).

actions. See Hensley, 461 U.S. at 437 & n.12.  In general, if a district court excludes certain hours from the amount expended on the litigation, it should identify the hours excluded and explain why those hours were disallowed.  Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001).  When faced with a voluminous fee application, an hour-by-hour review is both impractical and a waste of judicial resources.  Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).  Thus, we have approved of across-the-board percentage cuts to the number of hours claimed.  See id.

Once the lodestar has been calculated, there is a strong presumption that the figure is a reasonable sum.  Bivins, 548 F.3d at 1350.  However, the court may adjust the lodestar amount downwards to account for partial success.  Norman, 836 F.2d at 1302.  Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours.  Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987).  When examining the degree of success obtained, "we must compare the amount of damages sought to the amount awarded." Gray ex rel. Alexander v. Bostic, 720 F.3d 887, 894 (11th Cir. 2013).  However, a court must "account for all distinct measures of success when determining whether success was limited." Villano, 254 F.3d at 1308.

Nationstar argues that the district court should have denied the fee request in its entirety because it included fees concerning class certification, Drennen, BOA, or the state foreclosure. We disagree. Alhassid complied with the requirements of FDUTPA by submitting sworn affidavits regarding the time expended litigating the action. Fla. Stat. § 501.2105(2). She also maintained records to show the time spent on the claims and set out the time with particularity. Norman, 836 F.2d at 1303. Even if Alhassid's request sought fees for "excessive, redundant, or otherwise unnecessary" hours, the district court followed proper procedure by excluding hours for work performed on other claims and actions. Id. at 1299; see also Hensley, 461 U.S. at 437 & n.12. Nationstar points out that several courts have denied fee applications that are grossly inflated. However, even assuming that an outright denial is permissible, Nationstar has pointed to nothing suggesting it is required. Thus, it was within the district court's discretion to award fees despite any deficiency in Alhassid's request. Bivins, 548 F.3d at 1351.

Nationstar also argues that Alhassid was not entitled to any fees because equitable factors weighed in favor of a complete denial. However, Nationstar did not raise this argument before the district court. Nationstar conceded before the magistrate judge that Alhassid was entitled to some fees and costs, and it did not object to the magistrate judge's discussion of the equitable factors. We've consistently held that issues not raised in the district court will not be considered

8

on appeal.  Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).[2]  Although Nationstar contends that it raised the issue of entitlement before the district court, and, therefore, may raise any argument regarding that issue on appeal, the issue before the district court differed from the issue raised here.  Nationstar requested that the district court sanction Alhassid for filing a deficient fee request by awarding no fees at all.  The issue of sanctions for a deficient filing is distinct from the issue of whether the characteristics of the case and the parties warrant a fee award.  Accordingly, we will not address this issue.

As to the calculation of the award, Nationstar argues that Alhassid was not entitled to fees related to the class claims, Drennen, BOA, or the state foreclosure proceeding because those claims and actions were unrelated to the FDUTPA claim or otherwise unsuccessful.  It acknowledges that the district court reduced the hours in the lodestar calculation to account for time spent on those claims and actions, but it argues that the reduction was insufficient.  We disagree.

The district court did not misinterpret Florida law and include fees for services clearly beyond the scope of a FDUTPA proceeding.  Diamond Aircraft, 107 So. 3d at 370.  Rather, the court reduced the hours in the lodestar calculation to

---

[2] We may address an issue newly raised on appeal if: (1) the issue involves a pure question of law, and refusal to consider it would result in a miscarriage of justice; (2) the party had no opportunity to raise the issue in district court; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.  Id. at 1332.  These exceptions are not present in this case.

9

exclude hours spent on the class claims, Drennen claims, BOA claim, and state foreclosure action. But even if the district court had not excluded those hours, it would not have been improper under Florida law. All of the claims in the complaint arguably concerned deceptive and unfair trade practices, and the success of the FDUTPA claim depended on a determination that the servicers charged improper fees and initiated unauthorized foreclosure proceedings. Thus, work on the non-FDUTPA claims, class claims, and state foreclosure proceeding related in some way to establishing a violation of FDUTPA. Id.

Moreover, it was within the district court's discretion to make an across-the-board percentage cut to the hours in the lodestar calculation because Alhassid submitted over 100 pages of statements that accounted for over 1700 hours of legal work. See Loranger, 10 F.3d at 783. Nor did the district court abuse its discretion by declining to accept the reductions requested by Nationstar. The court found that Nationstar's proffered spreadsheet for reductions was not reliable because it contained deficiencies and did not accurately reflect the descriptions of work in Alhassid's billing statements. Nationstar has not shown that this finding was clearly erroneous. ACLU of Ga., 168 F.3d at 427.

Nationstar further claims that the district court should have capped the award for counsel Udell's work at $5,000 because the court held on summary judgment that Alhassid agreed to pay Udell $5,000 for his assistance in the case. Nationstar

10

cites Alhassid's affidavit, which says she agreed to pay Udell $5,000 for his work on the state foreclosure action and the instant federal suit, and says the district court based its damages award for breach of contract on the affidavit.  Nationstar adds that the attorneys' fees award for Udell's work was improper double recovery since the court had awarded Udell's $5,000 fee as damages.  We're unpersuaded.

While Florida courts have held that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client," Fla. Patient's Comp. Fund, 472 So. 2d at 1151, Alhassid submitted her fee agreement with Udell, which provided that Udell would assist in the instant action on a contingency-fee basis.  So although Alhassid's affidavit stated that she agreed to pay Udell $5,000 for his assistance in both the state foreclosure case and the instant case, the actual agreement clarified that the $5,000 fee was solely for the state foreclosure action.  Because parol evidence is inadmissible to vary or contradict the clear and unambiguous language of a contract, see J.M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So. 2d 484, 485-86 (Fla. 1957), and because the fee agreement unambiguously provided that Udell would assist in the instant action on a contingency-fee basis, the district court did not err in concluding that the attorneys' fees award did not exceed that provided for in the fee agreement.  Moreover, the affidavit was submitted for a different purpose than attorneys' fees; it was submitted to determine damages incurred from the breaches of contract, and the

11

damages awarded were based on the cost to Alhassid to defend against the state action. Thus, the district court did not err by considering the submitted fee agreement.

Moreover, the district court awarded $5,000 as actual damages, not as attorneys' fees, and the district court reduced the hours calculated in the lodestar to exclude hours of work on the state foreclosure action. Thus, Alhassid did not receive double recovery. Nationstar also argues that Alhassid was judicially estopped from asserting that Udell worked on a contingency-fee basis, but it did not raise the doctrine of judicial estoppel below, and, therefore, we will not address this issue. Access Now, Inc., 385 F.3d at 1331.

We are also unconvinced by Nationstar's claim that the lodestar should have been further reduced for Alhassid's limited success. Courts may adjust the lodestar to account for partial success, but we strongly presume that the sum is reasonable. Norman, 836 F.2d at 1302; Bivins, 548 F.3d at 1350. Here, the district court accounted for partial success by reducing the hours used in the lodestar figure. It found that Alhassid's attorneys were largely successful because she obtained relief on all claims except a duplicative claim, and Alhassid won damages, injunctive relief, and attorneys' fees and costs. Nationstar has not shown this finding to be clearly erroneous. ACLU of Ga., 168 F.3d at 427. Moreover, because a court must account for all measures of success, the court properly considered the forms

of relief awarded to Alhassid outside of damages.  Id.; Villano, 254 F.3d at 1308.

And, a reduction was not needed to make the fees and costs proportional to the

damages since "[t]here is no express requirement of proportionality between the

amount of the FDUTPA judgment and the attorney's fees and costs incurred in

obtaining that judgment."  Bull Motors, LLC v. Borders, 132 So. 3d 1158, 1160

(Fla. Dist. Ct. App. 2013).  In short, the district court did not abuse its discretion or

misinterpret Florida law in awarding Alhassid fees and costs.

### III.

Finally, we review the decision to grant prejudgment interest for abuse of

discretion.  Blasland, Bouck & Lee, Inc. v. City of N. Miami, 283 F.3d 1286, 1298

(11th Cir. 2002).  The district court did not abuse its discretion in granting

prejudgment interest in this case.

Nationstar argues that Alhassid's request for prejudgment interest was

untimely because it was not made until after judgment.  We disagree.  We note that

Alhassid requested prejudgment interest in the operative complaint.   But even if

this request did not clearly apply to attorneys' fees and costs, the

post-judgment request was not untimely under the applicable law.   State law

governs the award of prejudgment interest in a diversity case.  SEB S.A. v.

Sunbeam Corp., 476 F.3d 1317, 1320 (11th Cir. 2007).  Florida courts have held

that prejudgment interest does not have to be pled, and an award of prejudgment

13

interest is non-discretionary once the amount of loss is ascertained. Mercedes-Benz of N. Am., Inc. v. Florescue & Andrews Invs., Inc., 653 So. 2d 1067, 1068 (Fla. Dist. Ct. App. 1995). The Florida Supreme Court has also recognized that the computation of prejudgment interest is "a mathematical computation" and a "purely ministerial duty." Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 212, 215 (Fla. 1985). Thus, the district court did not abuse its discretion in granting the award despite the timing of Alhassid's request.

We are also unpersuaded by Nationstar's argument that an award of prejudgment interest was inappropriate because it was raised in a Fed. R. Civ. P. 59(e) motion. The Supreme Court has held that a timely post-judgment motion for discretionary prejudgment interest is a Rule 59(e) motion, and it indicated that the result would not differ in a case involving prejudgment interest as a matter of right. Osterneck v. Ernst & Whinney, 489 U.S. 169, 175-78 & n.3 (1989). The Court concluded that "a postjudgment motion for . . . prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." Id. at 176. Here, Alhassid filed her motion on the same day that judgment was entered, which was well within the 28-day timeline required under Rule 59(e), and a Rule 59(e) motion was an appropriate mechanism for Alhassid's request.

14

Nationstar also argues that the award of prejudgment interest was not purely ministerial because the parties disputed the applicable interest rate.  We have recognized that the calculation of prejudgment interest can be a simple, ministerial arithmetic calculation if (1) the judgment amount, (2) the prejudgment interest rate, and (3) the date from which prejudgment interest accrues have been established. U.S. Sec. & Exch. Comm'n v. Carrillo, 325 F.3d 1268, 1272 (11th Cir. 2003). However, even if the award was not purely ministerial, it was not an abuse of discretion for the district court to consider a matter encompassed within the merits of the judgment.  Osterneck, 489 U.S. at 176.

Nor did the district court abuse its discretion by awarding prejudgment interests on costs, since Florida courts have awarded prejudgment interest on costs. See Boulis v. Fla. Dep't of Transp., 733 So. 2d 959, 962-63 (Fla. 1999); Lorillard Tobacco Co. v. French, 12 So. 3d 786, 787-88 (Fla. Dist. Ct. App. 2009); Danis Indus. Corp. v. Ground Imp. Techniques, Inc., 629 So. 2d 985, 987-88 (Fla. Dist. Ct. App. 1993).  We also disagree that the district court abused its discretion by using the Florida interest rate to calculate the award.  The district court had both diversity and federal question jurisdiction, and we have not determined whether state law or federal law governs interest rates on prejudgment interest in that circumstance.  However, five of Alhassid's six claims were based in state law, and the court awarded the underlying attorneys' fees and costs based on a Florida

15

statute.    Thus, it was within the district court's discretion that the interest rate should be governed by state law.    Blasland, Bouck & Lee, Inc., 283 F.3d at 1298.

**AFFIRMED.**