[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11985
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-20484-BB

SARA ALHASSID,
on her own behalf and on behalf of all others similarly situated,

Plaintiff - Appellant,

versus

NATION STAR MORTGAGE, LLC,
d.b.a. Champion Mortgage,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2019)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Sarah Alhassid appeals the district court's denial of her

motion for attorney's fees and denial of her motion for rehearing.  Alhassid prevailed

on the merits of her claims, winning summary judgment on all but one. She was granted attorneys' fees as a prevailing party under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201–501.213, and we affirmed the award. The district court then held that she was not entitled to receive fees incurred as a part of defending the initial fee award on appeal, however, because the benefit would inure purely to Alhassid's attorneys since Alhassid had no obligation to pay for this work. After careful review, we affirm.

This case began as a putative class action against Nationstar Mortgage LLC ("Nationstar") and Bank of America, N.A. Alhassid and a co-plaintiff, Sarah Drennan, alleged that the defendants charged improper fees, placed loans in default after borrowers did not pay those fees, and charged additional unlawful fees after the borrowers defaulted. The third amended class action complaint included three breach of contract claims, a claim for the breach of the covenant of good faith and fair dealing, a FDUTPA claim, and a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. The claims against Bank of America were later voluntarily dismissed with prejudice.

Alhassid sought class certification as to the claims against Nationstar, which the district court denied on a number of grounds. Alhassid v. Bank of America, N.A., 307 F.R.D. 684 (S.D. Fla. 2015). Alhassid also moved for summary judgment, and the district court granted summary judgment as to five claims -- all but her claim

2

for violation of the covenant of good faith and fair dealing, which the court dismissed as duplicative.  In total, Alhassid was awarded $5,000 in actual damages and $1,000 in statutory damages under the FDCPA.  The court also held that, as a prevailing party under FDUTPA, Alhassid was entitled to attorneys' fees.  See Fla. Stat. § 501.2105(1).  The district court, slightly modifying the magistrate's report and recommendation, awarded $435,704.50 in fees.  Nationstar appealed, arguing that Alhassid should not receive fees and that the award was unreasonable.  This Court affirmed in an unpublished per curiam opinion.  Alhassid v. Nationstar Mortg., LLC, 688 F. App'x 753 (11th Cir. 2017).

After successfully defending the fee award, Alhassid moved for appellate attorneys' fees and to transfer the issue of appellate fees back to the district court. The district court held that under B & L Motors, Inc. v. Bignotti, 427 So. 2d 1070 (Fla. Dist. Ct. App. 1983), disapproved in part on other grounds by Travieso v. Travieso, 474 So. 2d 1184 (Fla. 1985) (concerning whether expert witness fees can be taxed as costs), Alhassid was not entitled to appellate attorneys' fees.  In B & L Motors, the Second District Court of Appeal held that if a plaintiff has no interest in the fee award because the award would not affect her obligation to pay her attorneys, the plaintiff may not receive a fee award under FDUTPA.  Id. at 1074.  In this case, Alhassid's attorneys represented that they "took this case on a contingency basis," and the district court therefore found that any fees resulting from the litigation of the

3

fee award on appeal would "inure solely to the benefit of Plaintiff's attorneys and not to Plaintiff herself."  Alhassid filed a motion for rehearing, which the district court denied, again relying on B & L Motors.

Now Alhassid appeals the district courts' orders denying her motion for fees and denying her motion for reconsideration.  We review the district court's denial of both motions for abuse of discretion.  See Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003) (denial of attorneys' fees); Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007) (denial of motion for reconsideration).  To the extent that our decision turns on the interpretation of state law, we review the district court's determination de novo. Davis v. Nat'l Med. Enterprises, Inc., 253 F.3d 1314, 1319 (11th Cir. 2001).

We agree with the district court that B & L Motors is controlling.  "In a diversity action, the court looks to the substantive law which creates the cause of action, in this case Florida law, to determine if [the prevailing party is entitled to] attorney's fees."  Tanker Mgmt., Inc. v. Brunson, 918 F.2d 1524, 1527 (11th Cir. 1990).  We are, of course, obliged to follow the decisions of Florida courts on state law issues.  In B & L Motors, Florida's Second District Court of Appeal addressed whether a prevailing plaintiff was entitled to receive attorneys' fees "for time spent in recovering fees and costs in the trial court and on [that] appeal" under FDUTPA. B & L Motors, Inc., 427 So. 2d at 1073.  The court held that "fees for an attorney's

4

work to recover fees are not recoverable when the client is not obligated to the attorney for that work," because "statutorily authorized attorney's fees are for the benefit of the prevailing party," not the attorneys themselves. Id. The court asked the district court on remand to determine whether the plaintiff had "an interest in the fee" that would justify an award. Id. at 1074.

"In the absence of definitive guidance from the Florida Supreme Court, we follow relevant decisions of Florida's intermediate appellate courts." State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1231 (11th Cir. 2004). Alhassid cites no case overruling B & L Motors on this point, and we are unable to find any contrary precedent on the issue of entitlement to appellate fees under this statute. And she does not challenge the district court's finding that she has no interest at stake in whether appellate fees were awarded. B & L Motors is exceedingly clear that a prevailing plaintiff may receive fees under FDUTPA only if a "fee award is found to be in the interests of the client and if the fee arrangement is found to have contemplated payment for that work." 427 So. 2d at 1074. Because we do not lightly disregard binding, on-point decisions of intermediate state appellate courts, we hold that B & L Motors compels the denial of appellate attorneys' fees in this case.[1]

**AFFIRMED.**

---

[1] In addition, Appellee's Motion to Dismiss Appeal is DENIED, and Appellant's Motion for Sanctions Pursuant to 11th Cir. Rule 27-4 is DENIED.