[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

No. 08-11478
Non-Argument Calendar

_____

D. C. Docket No. 07-80159-CV-DMM

CHRISTOPHER BIVINS,

Plaintiff-Appellant,

versus

WRAP IT UP, INC.,
d.b.a. Nature's Way Café,
ANNIE RASO,

Defendants-Appellees,

NATURE'S WAY CAFÉ FRANCHISING, LLC,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

After a two-day bench trial, the district court found that plaintiff/appellant Bivens had been discriminated against by Annie Raso, the co-owner of a Nature's Way Café, and Wrap it Up, Inc, the franchisor of Nature's Way. The district court awarded both compensatory and punitive damages, injunctive relief, and—in accordance with 42 U.S.C. § 1988—costs and attorneys' fees to Bivens's counsel Linda J. Ehrlich and Randall C. Marshall.[1] Bivens's request for attorneys' fees was significantly reduced and he now appeals that award.

Section 1988 allows for the recovery of "reasonable" attorneys' fees. 42 U.S.C. § 1988. The starting point for determining the amount of a "reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of these two figures is the lodestar and there is a "strong presumption" that the lodestar is the reasonable sum the attorneys deserve. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565-566 (1986).

---

[1] The facts that gave rise to this case are explained in depth in the district court's Findings of Fact and Conclusions of Law and need not be repeated here.

When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. See Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994) (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis[; r]ather, . . . it may [] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction") (emphasis added). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," the court is to consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2]

When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was

---

[2] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 717-719.

In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

partially successful in its efforts.  Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993).[3]

Here, in fashioning the attorneys' fees award, the district court first calculated a reasonable hourly rate for Ehrlich and Marshall.[4]  After calculating a reasonable hourly rate—which Bivens does not dispute—the court then engaged in an hour-by-hour analysis for 463.3 of the 616.4 hours requested by Ehrlich and all of the 51.7 hours requested by Marshall.  For each of 15 specific categories of requested hours, the court found a certain portion of those hours to be "reasonable" and explicitly stated so.  The court never explicitly used language from Johnson but it is clear that the court considered the first Johnson factor (the "time and labor required") in fashioning a "reasonable" number of hours for each specific category of requested hours.

After conducting this hour-by-hour analysis, the district court then applied a further 35% across-the-board reduction in the requested hours.  This reduction applied to those hours already subjected to the hour-by-hour analysis and found to be "reasonable," in addition to the 153.1 other (primarily administrative) hours

---

[3] What constitutes partial success is determined on a case-by-case basis.  See Hensley, 461 U.S. at 434-436.

[4] The court also discussed the reasonable fee owed to the expert, but that finding is not disputed in this appeal.

requested but not specifically discussed in the hour-by-hour analysis. In applying this 35% reduction, the district court explained that it had applied the Johnson factors. The district court specifically stated that it considered the "attorney's skill," "type of case," "preclusion of other employment," "time limitations imposed by the client or the circumstances," "difficulty and novelty of the case," and—most importantly—the "time and labor required," a Johnson factor already considered in the hour-by-hour analysis. After applying this reduction, the court stated that the new figure was "reasonable."

Having arrived at a reasonable hourly rate and a reasonable number of compensable hours, the district court thus arrived at the lodestar. The district court then adjusted the lodestar amount; it reduced it by 50% based on the "excessive amount of time spent on some activities in disproportion to the relatively straight-forward nature of the claim, and the isolated, brief encounter that led to the lawsuit."

We review the award of attorneys' fees for abuse of discretion, reviewing questions of law *de novo* and reviewing findings of fact for clear error. Atlanta Journal and Constitution v. City of Atlanta Dept. of Aviation, 442 F.3d 1283, 1287 (11th Cir. 2006). An error of law is per se abuse of discretion. Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000). Any reductions

5

to the requested hours must be concisely and clearly explained to allow for appellate review; otherwise, we must remand. Loranger, 10 F.3d at 783.

We conclude that the district court erred in two ways. First, in arriving at the lodestar, the district court conducted both an hour-by-hour analysis *and* applied an across-the-board reduction of the requested compensable hours. Our circuit's precedent states that the district court is to apply either method, not both. See id. The reason for this is easy to understand: by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours, as was the case here.[5] We therefore remand to the district court to determine the "reasonable" number of compensable hours to be included in the lodestar.

---

[5] The district court determined that 183.7 hours was "reasonable" for Ehrlich's 15 specific categories of requested hours and 35 hours was "reasonable" for Marshall, but the district court then reduced these figures by an additional 35% and called this new total "reasonable" as well.

We note that the district court may not have meant to doubly-discount the 218.7 hours found to be "reasonable" for Ehrlich and Marshall; rather, it may have applied the 35% accross-the-board discount to reduce the 153.1 primarily administrative hours requested (and not subjected to an hour-by-hour analysis) to a "reasonable" amount. Indeed, applying a 35% reduction to both the 218.7 and the 153.1 figures is the mathematical equivalent of applying an 85% reduction to the 153.1 hours and adding that number to 218.7. But the district court did not state that it was reducing the 153.1 hours by 85%. It stated that it was reducing *both* the 218.7 and the 153.1 figures by 35%, resulting in a double-discounting of the 218.7 figure. Because the district court determined a given number of hours was "reasonable" but then discounted that number again to arrive at another number that it also found was "reasonable," we do not have a clear picture of which figure the district court determined to be "reasonable." We, therefore, must remand to the district court to determine the reasonable number of compensable hours for the lodestar.

Second, the district court erred in adjusting the lodestar downward by 50%. Such an adjustment is warranted only if the plaintiff was partially successful in his claims. Resolution Trust Corp, 996 F.2d at 1150. Here, the plaintiff was fully successful: he was successful on all his claims and was awarded both damages and injunctive relief. Therefore, a downward adjustment was in error. Further, the downward adjustment was error because the court considered the Johnson factors in applying a downward adjustment. The Johnson factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar—doing so amounts to double-counting. See City of Burlington v. Dague, 505 U.S. 557, 562-563 (1992).

Accordingly, we VACATE the award of attorneys' fees and REMAND for further proceedings consistent with this opinion.