[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

No. 09-14734
Non-Argument Calendar

_____

D. C. Docket No. 07-80159-CV-DMM

CHRISTOPHER BIVINS,

Plaintiff-Appellant,

versus

WRAP IT UP, INC.,
d.b.a. Nature's Way Cafe,
ANNIE RASO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2010)

Before CARNES, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

This case is before us again for consideration of the award of attorney's fees

in this discrimination case. After a bench trial resulted in a verdict and $10,000 damages award in his favor, plaintiff Bivins sought more than $ 245,000 for attorney's fees, expert fees, and costs under 42 U.S.C § 1988. The district court reduced the number of hours billed and calculated the lodestar, and then further reduced the fee award by an additional across-the-board reduction. On appeal, we vacated and remanded because the district court had erred in calculating the lodestar and in adjusting the lodestar downward by 50 percent. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008). On remand, Bivins filed a motion seeking additional fees and costs for the work done on appeal.

In reconsidering the size of the fee award, the district court expressed concern over the requested amounts. Stating that the "legal significance of the civil rights violated and vindicated in this case do not rise to a level that justifies the attorney's fees requested," the district court calculated the fees and costs and applied an 85-percent across-the-board reduction. The district court noted that Bivins had already received some monies from the defendants for fees and reduced the total amount due. Bivins' counsel subsequently notified the court that they had received additional payments, and they moved the court to amend the fees and costs order. The court amended the order to show $5,605.02 due. Bivins now appeals.

Bivins argues that the district court abused its discretion by applying an 85-percent reduction across the board because this reduction failed to take into account all of the lodestar factors as enunciated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974),[1] improperly emphasized the disparity between the verdict award and amount of fees, and ignored the degree of success at the trial stage of litigation.  He contends that there are limited circumstances in which the court is permitted to adjust the lodestar and argues that the court failed to follow this court's mandate when it engaged in the same calculation this court previously rejected.  Bivins advises this court that the extensive amount of time necessary in this litigation was due to Raso's own litigious behavior.  Bivins also urges this court to recalculate the lodestar rather than remand for a second time.

"We review a district court's order awarding attorney fees for an abuse of discretion, which occurs if the court fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous."  *Gray ex rel. Alexander v. Bostic*, 570 F.3d 1321, 1324 (11th Cir. 2009) (citations and quotation marks omitted).  Under the abuse of discretion standard, there is "usually a range of choices" available to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  We note that *Johnson* has been overruled on other grounds.  *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

3

the district court, and "there is not only one right choice for the court to make. This is true even though we would have gone the other way had it been our call." *Id.*

As a prevailing party, Bivins is entitled to attorney's fees. *Gray*, 570 F.3d at 1324. To determine the amount of fees due, courts use the lodestar approach and multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). When considering what constitutes a reasonable hourly rate, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.[2] That a plaintiff succeeds in only a limited way does not strip him of prevailing-party status, but the degree of his success is "the most critical factor in determining the reasonableness of a fee award." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quotation marks omitted); *see also Hensley*, 461 U.S. at

---

[2] "Although [this] balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate." *Loranger*, 10 F.3d at 781 n.6 (citation omitted).

436. There is a "strong presumption" that the lodestar reflects a reasonable sum the attorneys deserve. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986). If the district court finds that the number of hours claimed is unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). Any reductions to the requested hours must be concisely and clearly explained to allow for our review; otherwise, we must remand. *Id.*

### A. Fees for Work Before the District Court

Our review establishes that the district court properly calculated the fees using the lodestar. The district court considered the number of hours each attorney claimed, and, instead of conducting an hour-by-hour review of the attorneys' work, the court applied an 85-percent reduction across the board.[3] In making this reduction, the court explained that the case was not novel or complex, it did not involve a lengthy trial, and there was a *de minimus* public benefit at stake. The court compared the case to other discrimination actions and concluded that

---

[3] The district court determined that a reasonable hourly rate for the attorneys involved was less than the amount the attorneys had requested. The attorneys have not challenged the district court's determination of the hourly rate for their work before the district court. They have, however, challenged the district court's reduction in their hourly rates for the work done on the first appeal.

5

Bivins's action was not of the same caliber as landmark civil-rights cases that had served an enormous public good. The court expressed its concern for the number of hours claimed for various aspects of the case, but instead of going through and reducing hour by hour, it chose to apply the across-the-board reduction.

The district court's statements show that it correctly calculated the lodestar, properly considered the *Johnson* factors, and provided sufficient explanation to enable appellate review.

Essentially, Bivins's attorneys disagree with the district court's conclusion that a case resulting in a $10,000 damage award was not worth $245,000 in fees and costs. A small award does not "automatically indicate that a particular case is of little importance." *Gray*, 570 F.3d at 1324. The court's decision to apply an 85-percent across-the-board reduction is troublesome given the purpose behind § 1988. But whether we agree with the district court's calculations is not relevant, and the fact that we may disagree does not mean the court abused its discretion.

B. Fees for Work on Appeal

The court determined that the length of time the attorneys claimed was excessive for a simple appeal that had been decided without oral argument. After determining a reasonable hourly rate for the attorneys, which was less than the amount requested by the attorneys, the court applied a 40-percent across-the-board

6

reduction. In doing so, the court explained that there were no novel legal issues involved, the case was not an "undesirable appeal," and it did not require a higher level of skill.

On review, we cannot say the district court abused its discretion. The attorneys requested more than $25,000 in fees to litigate their first appeal. The issue on appeal concerned only the fee award and did not involve the merits of the discrimination claim. Given the limited nature of the appeal, the district court did not abuse its discretion in finding that the time spent and the amount requested were excessive.

Because the district court correctly determined the lodestar amount and did not abuse its discretion in calculating the amount of fees due on appeal, we have no reason to overturn its determination of fees and costs. Accordingly, the district court's award of fees and costs is

**AFFIRMED.**