[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12231
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 8:07-cv-01935-T-EAJ

AHMET HEPSEN,

Plaintiff-Appellant,

versus

J.C. CHRISTENSEN AND ASSOCIATES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 25, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal concerns an award of attorneys' fees under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. After a one-day

bench trial before a magistrate judge, Defendant J.C. Christensen and Associates, Inc. ("Christensen"), was found to have committed two violations of the FDCPA. The magistrate judge awarded Plaintiff Ahmet Hepsen ("Hepsen") $500 in statutory damages. Having prevailed in his FDCPA action, Hepsen filed a motion for an award of attorneys' fees under the FDCPA. At the time the magistrate judge ruled on the motion, Hepsen sought $54,273.50 in attorneys' fees.[1] Hepsen did not receive the requested $54,273.50.

In determining a reasonable fee award, the magistrate judge set Attorney Condon's reasonable hourly rate at $300, instead of the $350 requested. The magistrate judge then reduced the total hours by fifty percent, from 165.6 hours to 82.8 hours, on the grounds that the total hours billed were excessive, time entries were vague, and billing for co-counsels' service was unnecessary. Using these figures, the magistrate judge calculated a lodestar amount of $25,153.50.[2] The magistrate judge then reduced that lodestar amount by an additional ten percent based on results obtained, resulting in a final fee award of $22,638.15.

After his motion for reconsideration was denied, Hepsen timely appealed

---

[1] Hepsen originally sought $126,187.35 in fees based on a 2.5 multiplier of the fee award. Hepsen withdrew that request before the magistrate judge ruled on his motion.

[2] The total amount includes 3.3 hours of paralegal work at an hourly rate of $95. Neither of these figures is challenged on appeal.

the fee award.  After review of the record and the parties' briefs, we affirm.

## I. DISCUSSION

"We . . . review the district court's award of attorneys' fees and costs for abuse of discretion, revisiting questions of law <u>de novo</u> and reviewing subsidiary findings of fact for clear error."  <u>Atlanta J. & Const. v. City of Atlanta Dep't of Aviation</u>, 442 F.3d 1283, 1287 (11th Cir. 2006).

### A. Hourly Rate

Hepsen contends that the $300 hourly rate set by the magistrate judge was an abuse of discretion.  The magistrate judge reviewed Plaintiff's affidavits from Attorney Condon and another attorney, Kerry Brown.  Both affidavits stated that an hourly rate of $350 was reasonable.  The magistrate judge also reviewed affidavits from Christensen's counsel, Ernest Kohlmyer, and Dale Golden, a local attorney who handles FDCPA cases.  Kohlmyer asserted that FDCPA attorneys in the Tampa area generally receive hourly rates of $175 to $250.  Golden stated that $250 was the maximum reasonable hourly rate for FDCPA attorneys in the Tampa area.  The magistrate judge also reviewed recent fee awards to Condon's firm for FDCPA cases and recent fee awards in FDCPA cases in the Middle District of Florida.  The fees in the recent cases from the Middle District ranged from hourly rates of $200 to $350.  The magistrate judge concluded that the case was of a

"routine, straightforward nature," but because it was tried, "it required a certain amount of expertise in both the FDCPA and federal civil procedure and trial practice." In light of those considerations, the magistrate judge concluded that $300 was a reasonable hourly rate.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). A party seeking fees must produce satisfactory evidence that the fee sought is in line with prevailing market rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Satisfactory evidence entails more than an affidavit of the attorney performing the work. Id. In this matter, "[a] court . . . 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Id. (quoting Norman, 836 F.2d at 1303).

The magistrate judge did not abuse her discretion in setting the reasonable hourly rate at $300. The magistrate judge considered affidavits from both sides, fee awards in similar cases, see Norman, 836 F.2d at 1299 (noting that reasonable rate is determined by reference to "similar services by lawyers of reasonably

4

comparable skills"), and her own experience in setting the fee. There is no indication that the magistrate judge's independent judgment that $300 was a reasonable hourly rate was clearly erroneous. The fee was within the range described by the experts and commensurate with fee awards in similar cases. Accordingly, we conclude that the magistrate judge did not abuse her discretion in setting the reasonable hourly rate.

B. Reasonable Number of Hours

Hepsen contends that the magistrate judge abused her discretion by reducing the number of hours requested by fifty percent to arrive at the number of hours reasonably expended. Hepsen requested reimbursement for 165.6 hours, exclusive of paralegal time. The magistrate judge concluded that an across-the-board reduction, as opposed to an hour-by-hour analysis, was appropriate because "Plaintiff's invoices contain numerous instances of excessive or redundant billing or vague time entries." The magistrate judge then went on to detail a number of examples of redundant, excessive, or vague entries, as well as entries seeking reimbursement for non-compensable clerical work performed by an attorney. The magistrate judge also noted multiple instances where non-compensable clerical work was "block billed" with legal tasks without distinguishing between the two. In light of those factors, the magistrate judge concluded that a fifty percent

reduction was appropriate "due to the excessive number of hours claimed, vague time entries, and billing for co-counsels' [unnecessary] services." After the reduction, the magistrate judge set the reasonable number of compensable hours at 82.8 hours.

In ascertaining the reasonable number of hours spent on the litigation, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Norman, 836 F.2d at 1301 (internal quotation marks omitted). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Although an hour-by-hour approach is sometimes preferable, "fee documentation can be so voluminous as to render an hour-by-hour review impractical." Loranger, 10 F.3d at 783. In such cases, an across-the-board cut may be appropriate, as long as a court "articulate[s] [its] reasons for selecting specific percentage reductions." Id. "In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." Id.

The magistrate judge did not abuse her discretion in determining that the reasonable number of compensable hours was 82.8 hours. The magistrate judge

concluded that not all of the requested time was compensable because the number of hours claimed was excessive, many of the time entries were vague, and billing for co-counsels' services was unnecessary and cited numerous examples of such entries. There is no indication in the record that the magistrate judge clearly erred in that respect. The magistrate judge also articulated the reason for reducing the hours claimed by fifty percent, namely that "the number of hours billed vastly exceeds what was necessary to prosecute Plaintiff's claims and it appears that at least half of Plaintiff's counsel's time entries lack sufficient detail to enable the court to determine the nature of the service provided." There is also no indication that the magistrate judge clearly erred in reaching that conclusion. Thus, we conclude that the magistrate judge did not abuse her discretion in setting the reasonable number of compensable hours spent on the litigation.

C. Reduction for Results Obtained

Finally, Hepsen challenges the magistrate judge's decision to reduce the fee award an additional ten percent for results obtained as an abuse of discretion. The magistrate judge noted that Hepsen sought to recover $1,000 in statutory damages, $2,500 in actual damages, and punitive damages in an unspecified amount, but only actually recovered $500 in statutory damages. In light of Hepsen's limited success in that regard, the magistrate judge concluded that an additional ten

percent reduction was appropriate.

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." Norman, 836 F.2d at 1302. "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." Id. "In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion." Id. "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id. "[T]he relief a plaintiff requested is indeed relevant to determining the extent of that plaintiff's success." Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th Cir. 1987).

The magistrate judge did not abuse her discretion in concluding that a ten percent reduction was appropriate in light of the results obtained. Hepsen only achieved partial success because although he sought statutory, actual, and punitive damages, he ultimately only recovered a portion of the statutory damages sought. There is no indication in the record that the magistrate judge abused her discretion in concluding that such limited success warranted a ten percent reduction. Thus, we conclude that the magistrate judge did not abuse her discretion in that respect.

## II. CONCLUSION

For the foregoing reasons, we conclude that the magistrate judge did not abuse her discretion in calculating the reasonable attorneys' fees in the case.

AFFIRMED.