[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10427
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00666-JDW-TGW


WILLIAM C. MARTINEZ,

                                                            Plaintiff-Appellant,

versus

HERNANDO COUNTY SHERIFF'S OFFICE,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 21, 2014)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

William Martinez and his counsel, Cornell & Associates PA, appeal the district court's award of $10,900.50 in attorney's fees, in their favor, after partially prevailing in Martinez's underlying Fair Labor Standards Act ("FLSA") action against his employer, Appellee Hernando County Sheriff's Office ("Sheriff's Office"). On appeal, Martinez argues that the district court committed various errors in calculating the award. Appellee moves for an award of attorney's fees under Rule 38, Fed. R. App. P., as a sanction against Martinez and his counsel for bringing a purportedly frivolous appeal. After a thorough review of the record and the parties' briefs, we affirm the district's court's award of attorney's fees and deny Appellee's Rule 38 motion.

## I.

We briefly describe the factual background to give context for this appeal. From 2008 to 2011, Martinez worked as a handler of police dogs for the Sheriff's Office's K-9 Unit. Initially, Martinez was assigned one dog, Kevlar, and was paid for after-hours care of Kevlar for 45 minutes each day at a rate of one-and-one-half times the minimum wage. In March 2008, Martinez acquired a bloodhound named Darla, who, at Martinez's suggestion, was taken into the K-9 Unit and assigned to Martinez. Martinez cared for Kevlar and Darla until he was removed from the K-9 Unit in May 2011.

2

In the underlying FLSA action filed in the Middle District of Florida ("Middle District") in March 2012, Martinez alleged that the Sheriff's Office failed to compensate him for (1) an additional 45 minutes each day for after-hours care of Darla; and (2) after-hours time spent training Darla.[1]  The district court granted in part and denied in part the Sheriff's Office's motion for summary judgment, limiting Martinez's recovery to a period of two years beginning on March 28, 2010.[2]  Following a three-day bench trial in July 2013, the district court awarded Martinez 10 minutes per day of compensation for Darla's care, ultimately resulting in an overtime compensation award of $1,075.44.[3]  The court found in favor of the Sheriff's Office on the training claim.

Martinez timely moved for an award of attorney's fees as a prevailing party under 29 U.S.C. § 216(b).  Martinez sought a total award of $79,850.63 in attorney's fees based on a rate of $500 per hour for lead counsel, Mr. G. Ware Cornell, and $200 per hour for co-counsel.

---

[1]  Martinez also initially challenged the Sheriff's Office's calculation of overtime pay based on the federal minimum wage rather than his regular hourly wage, but he conceded this claim at the summary judgment stage.

[2]  Under the FLSA, the general statute of limitations for recovery of unpaid overtime wages is two years.  29 U.S.C. § 255(a); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008).  However, if the violation was "willful," the statute of limitations is extended to three years.  *Id.*

[3]  The district court initially awarded Martinez $4,203.20, but that amount was calculated using Martinez's regular hourly rate.  The court later recalculated the award using the federal minimum wage as the basis, resulting in an award of $1,075.44.

In support of the motion, Martinez submitted the following: (1) a declaration by Mr. Cornell, who attested to his experience and rates and asserted that the case had not settled due, in part, to discovery abuses by the defendant, such as taking depositions of persons not relevant to the lawsuit for the purpose of embarrassing Martinez; (2) billing records; (3) two orders from the Southern District of Florida ("Southern District") awarding Mr. Cornell $400 per hour; (4) a declaration by Robert Beck, III, a client who swore that he paid Mr. Cornell $500 per hour to represent him and his father in "complex litigation brought by a major law firm" which had been conducted in "four courts"; (5) an affidavit by John Phillips, an attorney practicing in Tampa, Florida, who swore that he was "familiar with the amount customarily charged in the Tampa market by attorneys at large, multi-practice firms for attorney fees . . . in commercial and labor and employment litigation cases," and that a reasonable market rate in Tampa for someone of Mr. Cornell's qualifications and experience was $500 per hour; and (6) a declaration by John W. Andrews, an attorney practicing in Tampa, who stated that he believed Mr. Cornell's "requested rate [was] within the generally accepted community standards in the Middle District for lawyers with his level of experience and qualifications."

The district court granted Martinez's motion to the extent that it awarded him $10,900.50 in attorney's fees. In reaching this amount, the court first reduced

Mr. Cornell's rate to $300 per hour, rather than $500 per hour, and reduced the rates for co-counsel to $125 per hour.  Second, the court deducted 38 hours of travel time, reducing the number of reasonable hours expended from 173.05 to 135.05 hours.  Finally, the court applied an overall "lodestar reduction" of 75% based on Martinez's "limited recovery."

Martinez filed a timely motion under Rule 59(e), Fed. R. Civ. P., to alter or amend the attorney's fees award.  He raised several arguments in the motion: (1) the award was inadequate to effectuate the purposes of the FLSA; (2) the court effectively capped rates for FLSA cases and failed to address purported discovery abuses in the case; (3) reducing both the hourly rate and applying a lodestar reduction amounted to an unjust double reduction; (4) the 75% reduction should not have applied to time spent after summary judgment; and (5) the disallowance of all travel time was unreasonable.  The district court denied the Rule 59(e) motion, and Martinez now brings this appeal.

Martinez argues that the court erred with respect to each reduction, and he contends that the overall result was unreasonable.[4]  He also argues that the court erred in denying his motion to alter or amend the attorney's fees judgment.

**II.**

---

[4]  Martinez does not challenge on appeal the reduction with respect to co-counsel.

5

We review a district court's award of attorney's fees for abuse of discretion, reviewing underlying questions of law *de novo* and findings of fact for clear error. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006). Although a district court has "wide discretion" in calculating an attorney's fee award, "the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation" to allow for "meaningful review." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

## III.

When a plaintiff prevails in a FLSA action, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The first step in calculating a reasonable attorney's fee award is to determine the "lodestar"—the product of multiplying reasonable hours expended times a reasonable hourly rate. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The lodestar may then be adjusted after considering other factors, such as the results obtained. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983).

A.    *Hourly Rate Reduction*

6

Martinez first contends that the district court erred in reducing his hourly rate by ignoring evidence showing what Mr. Cornell charges his fee-paying clients and rates he had previously been awarded. Martinez asserts that the court effectively imposed a cap on rates for FLSA cases in the Middle District, and he suggests that qualified attorneys will give up representing workers in these cases if they are not adequately compensated.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that his requested rate is reasonable. Testimony that a given fee is reasonable is unsatisfactory because "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* What an attorney charges his clients is "powerful, and perhaps the best, evidence of his market rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000). However, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Id.* The district court's calculation of a reasonable rate is a factual matter that is reviewed for clear error. *Barnes*, 168 F.3d at 436.

Here, the district court did not clearly err in determining that $300 per hour for Mr. Cornell was a reasonable rate. The court correctly stated and applied the

law, focusing on the market rate for FLSA cases in the Middle District for attorneys of comparable experience, and it properly placed the burden on Martinez. The court acknowledged that "Mr. Cornell is a board certified civil trial attorney with approximately thirty-eight years of experience," and it examined Martinez's evidence in support of the requested fee award. The court then adequately explained why it did not find Martinez's evidence persuasive, and we discern no clear error in its findings. Specifically, our review of Martinez's evidence shows that it did not "speak to rates actually billed and paid in similar lawsuits" in the Middle District. *See Norman*, 836 F.2d at 1299.

Moreover, the district court is entitled to rely on its own experience and judgment in coming to a reasonable hourly rate. *See id.* at 1303. While the district court's rate of $300 per hour may have been slightly lower than awards made to attorneys of comparable or somewhat less experience in other cases from the Middle District referenced in the court's order, the rate was not clearly erroneous.

### B.    *Travel Hours Reduction*

Martinez next contends that the district court erred in deducting the 38 hours of travel time. He acknowledges that there is "no hard and fast rule" regarding travel time, but asserts that the court improperly discredited Mr. Cornell's declaration, which emphasized that the travel time was the result of limited availability of lawyers handling police dog compensation cases.

8

To determine the number of hours reasonably expended in the litigation, the court must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).  In addition, although there are no precise rules with respect to travel time, a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally "must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *See id.* at 437 (applying this standard with regard to reasonable hourly rates).

The district court did not clearly err in excluding Mr. Cornell's travel hours. Martinez presented no evidence showing a lack of local counsel willing and able to handle his police canine compensation claim.  Other than Mr. Cornell's declaration, which states that "few employment lawyers wish to take [police canine cases] on," nothing was presented to the district court to indicate whether Martinez even attempted to retain counsel other than Mr. Cornell.  The court found that Mr. Cornell is located in Weston, Florida, approximately a 3.5 trip to the Tampa courthouse where the case was filed and tried, which resulted in the 38 travel hours.  We respect Martinez's right to retain counsel of his choice, but, like the district court, we do not think it reasonable to pass the costs of Mr. Cornell's travel on to the Sheriff's Office without a showing of a lack of local counsel.

9

C.     *Lodestar Reduction and Reasonableness of the Fee Award*

Martinez argues that the 75% reduction of the lodestar was "confiscatory" and that the court placed undue emphasis on the results obtained.  He asserts that he successfully defended the defendant's motion for summary judgment on every contested ground, prevailed on one of claims that went to trial, and expended half of the overall time after summary judgment.  He contends that the district court's award was unreasonable because the various reductions, taken together, cut the requested award by over 86% and amounted to a rate of less than $60 per hour for an experienced and well-qualified attorney.

A lodestar figure "is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Buildings, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010).  Nonetheless, the district court may adjust the lodestar for "results obtained." *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1940.  Relevant here, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436, 103 S. Ct. at 1941.  Accordingly, the district court has discretion to reduce an award to account

10

for situations where the lodestar figure is unreasonable in light of the limited success obtained.  *See id.* at 436-37, 103 S. Ct. at 1941.

The district court did not abuse its discretion in reducing the lodestar figure by 75% and awarding $10,900.50 in attorney's fees.  Martinez was only partially successful in his claims, so the court was permitted to adjust the lodestar downward.  *See id.* at 434-37, 103 S. Ct. at 1940-41.  Because the court found that it was unable to determine the number of hours spent on the unsuccessful claims, it had discretion to "simply reduce the award to account for the limited success."  *Id.* at 436-37, 103 S. Ct. at 1941.

The district court's reduction of the lodestar was reasonably proportionate to Martinez's success in the lawsuit.  In his amended response to the Sheriff's Office's interrogatories, Martinez had estimated his total damages at $236,952.87, and had sought $61,030.13, or about 25.75% of the total damages, for the only claim on which he recovered (for after-hours care of Darla).  Ultimately, Martinez recovered only $1,075.44 on that claim, or about 1.8% of the $61,030.13 sought. Therefore, the district court, rather than being "confiscatory" or unfairly punitive in light of the modest recovery obtained, appears to have credited Martinez with success on the full amount of asserted damages for the claim based on after-hours care of Darla.  Accordingly, we conclude that the district court's attorney's fees award was firmly within the bounds of its discretion.

11

We also reject Martinez's various other challenges to the fee award.  The district court did not impermissibly "double count" because the factors considered by the court in determining the lodestar figure were not considered by the court in adjusting the lodestar downward by 75%.  *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1352 (11th Cir. 2008).  Indeed, the court followed the proper procedure in determining the award by first calculating the lodestar figure (reasonable hours times reasonable rate) and then adjusting that figure for results obtained.  *See Norman*, 836 F.2d at 1299-304.  Moreover, while the court may have been permitted to apply the 75% reduction only to time spent before summary judgment, Martinez has not shown that it was an abuse of discretion not to do so.

Because we conclude that the district court did not abuse its discretion in awarding attorney's fees, we necessarily reject Martinez's contentions that the court erred by failing to consider purported discovery abuses or by awarding a fee insufficient to vindicate the intent of the Congress in enacting the FLSA.  *See, e.g., Perdue*, 559 U.S. at 552, 130 S. Ct. at 1672 ("[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case.").  Any additional hours Mr. Cornell may have spent as a result of opposing counsel's purported misconduct were included in the court's reasonable-hours determination, and so were reflected in the final award.  And, in light of the $1,075.44 award on the merits, we cannot say that an attorney's fees

12

award of $10,900.50 frustrated congressional intent or was insufficient to induce to capable attorney to undertake representation of the case.

For the reasons stated, we affirm the district court's award of $10,900.50 in attorney's fees in favor of Martinez and his counsel and the denial of Martinez's Rule 59(e) motion.

**IV.**

Appellee filed a motion for sanctions against Martinez and his counsel in this Court pursuant to Rule 38 for filing this appeal. In its motion, Appellee argues that the appeal is "frivolous" because the challenge to the attorney's fees award is "without basis in law or fact," and Martinez and his counsel instead "attempt to obscure the salient issue by hurling groundless allegations" of misconduct against Appellee's counsel. Martinez responds in opposition to the motion.

Rule 38, Fed. R. App. P., provides, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "Rule 38 sanctions have been imposed against appellants who raise 'clearly frivolous claims' in the face of established law and clear facts." *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) (quotation marks omitted). Although we have ruled against Martinez and his counsel in this appeal, we conclude that the appeal was not clearly frivolous and deny the Rule 38 motion.

13

## V.

In short, we affirm the district court's award of attorney's fees and the denial of Martinez's Rule 59(e) motion, and we deny Appellee's Rule 38 motion.

**AFFIRMED.**