[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10061
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00035-TJC-PRL


MARK EMBREE,
JOSEPHINE LOGIUDICE,

                                                    Plaintiffs-Appellants,

versus

MEDICREDIT, INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 12, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Mark Embree and Josephine Logiudice filed a complaint against defendant

Medicredit, Inc., alleging violations of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act. The parties settled the case during court ordered mediation, and the settlement agreement included the following provisions on attorney's fees and costs:

> The defendant Medicredit, Inc. shall pay to the plaintiff(s) Mark Embree and Josephine Loguidice, the sum of [redacted], plus plaintiffs' attorney fees and costs as payment in full of all their claims arising by the events described in the complaint.
>
> The amount of attorney's fees and costs will be determined by subsequent Agreement or Motion.
>
> Plaintiffs shall execute a release once the attorney's fees and costs issue is resolved.

Because the parties could not agree on the amount, the plaintiffs filed a motion for attorney's fees and costs. A magistrate judge issued a report and recommendation recommending that the motion be granted in part and that the plaintiffs be awarded a specified amount for attorney's fees and costs. The plaintiffs filed objections to the report. The district court overruled their objections, adopted the magistrate judge's report, and granted in part the plaintiffs' motion. This is the plaintiffs' appeal. They contend that the district court erred in awarding attorney's fees because it misinterpreted the settlement agreement.

We review for abuse of discretion a district court's award of attorney's fees and costs. Common Cause/Georgia v. Billups, 554 F.3d 1340, 1349 (11th Cir. 2009). We review questions of law de novo, and we review factfindings for clear

2

error.  Id.

The plaintiffs first argue that the district court erred by performing a lodestar reasonableness analysis instead of awarding attorney's fees without evaluating the reasonableness of those fees.  That argument fails.  Based on the plain language of the settlement agreement, the parties agreed that the court would determine the amount of attorney's fees and costs if the parties could not agree on that amount. The settlement agreement did not provide any method for determining attorney's fees and costs, nor did it prohibit the court from performing a reasonableness analysis.  And under the Fair Debt Collection Practices Act, a debt collector who violates the Act is liable to the plaintiff for costs and "reasonable attorney's fees as determined by the court."[1]  15 U.S.C. § 1692k(a)(3) (emphasis added).  For those reasons, the district court did not err by using the lodestar method to determine reasonable attorney's fees.  Cf. Pottinger, 805 F.3d at 1300 (analyzing the parties' settlement agreement instead of the fee shifting statute to determine the scope of a fee award); Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment, because there is no precise rule or formula for making these

---

[1] That the attorney's fees and costs award arose from the settlement agreement — which, as the plaintiffs repeatedly point out, is a contract — does not change the result.  It does not because the contract never specified the method for determining the amount of attorney's fees nor prohibited evaluating the fees for reasonableness.  See Pottinger v. City of Miami, 805 F.3d 1293, 1300 (11th Cir. 2015).

3

determinations.") (quotation marks and alterations omitted).

The plaintiffs next argue that, even if the district court did not err by performing a lodestar reasonableness analysis, it miscalculated the lodestar by failing to include attorney's fees for the time spent preparing their reply brief on the motion for attorney's fees and their objections to the magistrate judge's report.[2] See Norelus v. Denny's, Inc., 628 F.3d 1270, 1301 (11th Cir. 2010) ("Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees — the right to fees-on-fees."). In adopting the magistrate judge's report, the district court rejected the plaintiffs' argument. It stated that "[c]ontrary to Plaintiffs' objection, the Magistrate Judge did consider 'fees for seeking fees' as part of his overall assessment of a reasonable fee."

But we can find no evidence of that. The magistrate judge's report does not explain or mention the plaintiffs' request for fees for preparing the reply brief. (Of course, the report does not explain or mention the plaintiffs' request for fees for preparing objections to the report and recommendation that the magistrate judge had not yet issued.) It appears that the total amount of hours the district court

---

[2] The plaintiffs also argue that the district court abused its discretion in reducing the lodestar based on (1) their "vague" time entries and (2) the claims they abandoned. Neither ruling amounts to an abuse of discretion. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) ("The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates . . . . [F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity."); id. at 1302 ("[I]n determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims.").

4

considered and ultimately reduced did not include the additional hours spent preparing the reply brief or the objections to the magistrate judge's report. As a result, we will remand the case to the district court for reconsideration of the reasonable number of hours to be included in the lodestar. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008) ("Any reductions to the requested hours must be concisely and clearly explained to allow for appellate review; otherwise, we must remand."); see also Norman, 836 F.2d at 1304 ("The court's order on attorney's fees must allow meaningful review — the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation. If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper.") (citation omitted).

Finally, the plaintiffs argue that the district court abused its discretion in awarding them only the costs listed in 28 U.S.C. § 1920 instead of all the costs they incurred during the litigation. Section 1920 lists the expenses that a court may tax as costs under Federal Rule of Civil Procedure 54(d). 28 U.S.C. § 1920 (permitting recovery of certain litigation expenses, such as printing fees and compensation of court appointed experts); see generally Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."). As noted

earlier, in the settlement agreement the parties agreed that the court would determine the amount of costs if the parties could not agree on that amount. In awarding the plaintiffs costs under 28 U.S.C. § 1920, the district court explained that federal courts have continued to limit costs in FDCPA cases to those allowed under § 1920.

Nonetheless, the plaintiffs argue that this Court's decision in Evans dictates that they be awarded all of the expenses they incurred during litigation and not just those taxable under § 1920. See Evans v. Books-A-Million, 762 F.3d 1288 (11th Cir. 2014). It does not. The Evans decision held that certain litigation expenses — including expenses for mediation, legal research, postage, and travel — could be recovered under the fee-shifting provision of the Employment Retirement Income Security Act. Id. at 1299–1300. But Evans does not discuss recovery of costs under the FDCPA, and it has no impact on the parties' settlement agreement in this case. By providing that costs will be determined by motion if the parties cannot agree on them, the agreement grants the district court discretion in determining the amount of costs to be awarded. Cf. Pottinger, 805 F.3d at 1300 ("The parties struck a compromise about attorneys' fees (past, present, and future) and deviated from [the fee-shifting statute] when they executed the original settlement agreement . . . . [T]hose bargained-for paragraphs continue to control the issue of attorneys' fees."). The court did not abuse its discretion by looking to § 1920 and

6

limiting the plaintiffs' award to costs taxable under that section.

**AFFIRMED IN PART.  REVERSED AND REMANDED IN PART.**[3]

---

[3] Medicredit's motion to dismiss the appeal as frivolous and for sanctions is **DENIED**.