[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10173

Non-Argument Calendar

————————————————

FORT LAUDERDALE FOOD NOT BOMBS,
NATHAN PIM,
JILLIAN PIM,
HAYLEE BECKER,
WILLIAM TOOLE,

Plaintiffs-Appellants,

*versus*

CITY OF FORT LAUDERDALE,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cv-60185-AMC

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants are the prevailing parties in this civil rights case, in which they achieved excellent results. They are entitled to an award of attorneys' fees under 42 U.S.C. § 1988(b). They challenge the reduction of their requested fees, challenging both the reduction in their requested hourly rates and the reduction in their requested number of hours reasonably expended. We address each argument in turn. Because we write only for the parties who are already familiar with the facts and the relevant law, we relate only so much as is necessary to understand our decision.

The appropriate standard of review is as follows:

> We review a district court's order awarding attorney fees for an abuse of discretion. *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Hillsborough Holdings Corp.*, 127 F.3d

1398, 1401 (11th Cir. 1997) (internal citation and quotation omitted).

*ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  The district court adopted the Report and Recommendation ("the Report") of the magistrate judge.

## I. The Reasonable Hourly Rates

A determination by the district court of reasonable hourly rate is a finding of fact which is reviewed on appeal under the clearly erroneous standard, i*d.* at 436, so long as the findings are made pursuant to proper legal standards.  Appellants challenge the magistrate judge's findings of fact with respect to reasonable hourly rates as clearly erroneous, but also suggest, albeit vaguely, that the court applied erroneous legal standards.  A brief description of the Report will reveal that neither challenge has merit.

The magistrate judge set out the correct and relevant law, including the lodestar method, and the standard for determining a reasonable hourly rate.  *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (explaining that a reasonable hourly rate is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.").  The magistrate judge acknowledged that it must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express Inc.*, 488

F.2d 714 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989),[1] and listed them.

The magistrate judge considered, and summarized briefly, the parties' arguments and evidence.  After noting the rates requested by the Plaintiffs for each attorneys' work, the court noted that, in each case, the requested amount substantially exceeds the hourly rate awarded to (or requested for) each attorney in prior cases.  Anderson and Siegel were awarded a blended rate of $375 from the Middle District of Florida in 2021 (as compared to Anderson's request in this case for a rate of $565 and as compared to Siegel's request for a rate of $785);  Siegel asserted that most of her prior fee disputes were settled but that her requests had ranged from $400 to $500 (as compared to her request for $785 in this case); Ross was awarded $325 in the Southern District of Florida in 2006 (as compared to his request in this case for $785).  The magistrate judge noted that Shlackman had requested a rate of $500 in his court in 2021 (as compared to a request in this case of $675).

The magistrate judge made his findings of fact with respect to the reasonable hourly rate for each of Appellants' attorneys:

$375 for Anderson and Costello

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

$450 for Shlackman

$500 for Siegel and Ross

In reaching these findings of fact, the magistrate judge expressly relied upon "the *Johnson* factors, both Parties' expert declarations," the "applicable law," and the "rates awarded within this District." Report, Doc. 159 at 8. The magistrate judge also relied on his own knowledge and experience, "having considered the length, extent, and novelty of the litigation involved in the instant case," *id.*, and on the prior awards to these attorney for plaintiffs in other cases.

We cannot conclude that the magistrate judge's findings with respect to the reasonable hourly rate are clearly erroneous. The findings are supported by ample evidence, including the hourly rates either awarded to, or requested by, the Appellants' attorneys in recent prior cases either in the Southern District of Florida itself or the analogous Middle District of Florida, the expert opinion of the City's expert, and the awards to other attorneys in comparable cases in the Southern District of Florida.

We reject Appellants' attempt to portray the magistrate judge's ruling as having been based on erroneous legal standards. For example, we reject Appellants' argument that the court ignored the skill of the Appellants' lawyers. The court expressly recognized the "excellent results" achieved in this case. *Id.* at 14. The magistrate judge expressly ruled that he "must consider" the

6                      Opinion of the Court                    23-10173

*Johnson* factors,[2] repeatedly referred to the factors, and expressly based his ultimate finding on those factors, the applicable law, and the evidence in the case (including the expert declarations, the actual awards to Appellants' attorneys in prior cases, the fee awards rendered in similar cases in the Southern District of Florida, and his own knowledge and experience after having considered the length, extent, and novelty of the case).[3]

---

[2] Skill is prominent among the *Johnson* factors (e.g. "The skill requisite to perform the legal service properly.").

[3] Contrary to Appellants' argument, the magistrate judge's reference to *Hermosilla v. Coca Cola*, 2011 WL 9364952 (S.D. Fla. July 15, 2011), did not constitute application of an erroneous legal standard. *Hermosilla* quoted from *ACLU v. Barnes*, 168 F.3d at 437 ("A prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate."). The court deemed *Hermosilla* instructive and similar in that it too was faced with a "request for very high hourly rates." Doc. 159 at 7. We reject the Appellants' argument that the court applied an erroneous legal standard by placing too much emphasis on *Hermosilla*. Contrary to Appellants' argument, the court did not "rely on this one consideration, above all others." Appellants' brief at 31. As set out in the text above, the magistrate judge first set out the applicable law (including the *Norman* standard for determining the reasonable hourly rate and the *Johnson* factors) and the relevant evidence (including the prior fee awards for Appellants' attorneys and the fee awards to other attorneys in similar cases in the Southern District of Florida), and then the court expressly stated that it was reaching its findings with respect to the reasonable hourly rates after "[h]aving reviewed the *Johnson* factors, both Parties' expert declarations, and the applicable law . . . [and] the similar rates awarded within this District." Doc. 159 at 8. As noted in the text, the magistrate judge also expressly relied on recent awards to Appellants' attorneys in the Southern District of Florida and his knowledge and experience.

23-10173            Opinion of the Court                    7

For the foregoing reasons, we reject Appellants' challenge to the findings with respect to the reasonable hourly rates.

## II. Hours Expended

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "maintain[ing] records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted)

The Supreme Court has stated that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "[A] district court should deduct time for excessive or unnecessary hours because attorney's fees are intended 'to compensate attorneys for work reasonably done actually to secure for clients the benefits to which they are entitled.'" *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090–91 (11th Cir. 2022) (quoting *Norman*, 836 F.2d at 1305). "In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

The magistrate judge recommended that the 2505 hours sought by the Appellants' attorney be reduced by a percentage of roughly 40% across the board. "[W]here a fee application is voluminous and 'a district court finds [that] the number of hours claimed is unreasonably high, the court has two choices: [(1)] it may conduct an hour-by-hour analysis or [(2)] it may reduce the requested hours with an across-the-board cut.'" *Caplan*, 36 F.4th at 1094 (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)). In this case, as in the district court, Appellants do not challenge the use of the across-the-board method; they argue only that the cut should have been lesser. When the district court chooses an across-the-board cut, it must "concisely but clearly articulate [its] reasons for selecting specific percentage reductions" such that there can be "meaningful review." *Id.* (quoting *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

Here, the magistrate judge pointed to several examples of unreasonable, excessive billing. First, he noted that the Appellants sought 476 hours for work on discovery and related motions notwithstanding that Appellants did not contest that the discovery practice was somewhat limited. Second, he pointed to the 223 hours sought for multiple attorneys preparing for and conducting depositions. Third, he cited the 94 hours sought to create a two-count complaint and commented that even with a detailed factual history and a novel issue, this was an excessive amount. Finally, he found the total 197.57 hours sought for multiple attorneys to prepare for and present oral argument unreasonable. He found that his percentage reduction would account for the double or even

triple billing of similar entries, the attendance of multiple attorneys at depositions and oral arguments, and the excessive time spent on specific tasks.

We agree that the amounts billed are unreasonably high. While there "is nothing inherently unreasonable about a client having multiple attorneys," *Norman*, 836 F.2d at 1302, redundant hours must be excluded and such "hours generally occur where more than one attorney represents a client," *id*. at 1301-02.[4] Focusing on the appellate arguments, Anderson—who delivered both arguments—billed 63.9 hours for preparing for the first oral argument and 61.4 hours for the second. This amount does not include the very substantial time billed for briefing the same issues at summary judgment and in both appeals. Three other attorneys claimed substantial time for preparing for the arguments.[5] We agree with the court below that it was unreasonable for Anderson to bill for a full week and a half for each appeal, especially in light of the amount

---

[4] Although "[t]here is nothing inherently unreasonable about a client having multiple attorneys . . . they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id*. at 1302. Although Appellants argue, in conclusory fashion, that their several lawyers made distinct contributions, the magistrate judge was not persuaded, and the record does not indicate that the magistrate judge abused his discretion.

[5] The City and the magistrate judge acknowledge the Appellants' argument that, while they sent multiple attorneys to the depositions and oral arguments, they sought recovery for the time of only two. However, the City points out that removing the time actually attending such events is miniscule because multiple attorneys still billed for preparation time.

of time spent writing and researching the appellate and summary judgment briefs.

Turning to hours sought for discovery and related motions, we note that the City only sought one round of interrogatories and requests for production from each plaintiff plus eight requests for production from FLFNB and three to one plaintiff. Each of the interrogatories to the several plaintiffs was largely the same and sought typical information. Appellee's expert, who had experience litigating civil rights cases and provided an extensive report, noted that the discovery was "relatively straightforward and not involving significant documents production or overly complex ESI [electronically stored information]." Similarly, the complaint, which had two counts, was not sufficiently complex to require 94 hours (or two and one-third weeks) of work at partner-level billing.

Finally, the time sought for depositions was significantly more than necessary to conduct the relatively straightforward depositions in this case. As Appellee's expert noted:

> this case revolved principally on legal issues and the depositions were limited to the following: one corporate representative of the City (presented by four witnesses in depositions of 2 hours each), [four] brief (approx. 1 hour) depositions of Plaintiffs Nathan Pim, Jason [P]im, Haylee Becker and William Toole, a 2.5 hour corporate representative deposition of Fort Lauderdale Food Not Bombs (FLFNB) and an extremely brief deposition of third party Barbara Granger.

Doc. 146-1 at 17.  Three attorneys attended each of these depositions, despite their relative lack of complexity.[6]

The court's selection of the approximately 40% reduction from the requested number of hours is amply supported in the record.  The City's expert conducted a detailed, task-by-task examination of the work of Appellants' attorneys in this case.  With respect to each task, the expert examined the relevant motions, briefs, and other filings, the context thereof, and the complexity involved.  The expert was a reputable, experienced practitioner in the Southern District of Florida with extensive litigation experience, including with respect to cases very similar to the instant case.  Her task-by-task analysis of the work of Appellants' attorneys revealed a pattern of excessive billing.  The magistrate judge's examples of excessive hours sought with respect to four tasks—discovery, depositions, preparation of the complaint, and appellate oral arguments—obviously draw upon this expert's analysis.[7]  With respect to these four tasks, and indeed with respect to every other task involved, the expert opined that it was necessary to subject the number of hours requested by Appellants to a significantly larger reduction that the 40% selected by the magistrate judge.[8]

---

[6] *See* fn. 5, supra.

[7] The magistrate judge obviously also relied on his own knowledge and experience.

[8] We also reject Appellants' conclusory suggestions that the magistrate judge failed to consider the excellent results, complexity, novelty, duration, public

Because there is no challenge to the use of the across-the-board method, and because the size of the reductions found by the court below is amply supported by the record, we cannot conclude that the court below abused its discretion in reducing the hours billed and applying the lodestar to reach a total of $598,556.00 in attorneys' fees.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

benefit, and the billing judgment exercised by the Appellants' counsel. The magistrate judge either expressly or implicitly acknowledged each.